UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED WILSON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ROBERT FOX, et. al.,<br><br>　　　　　Defendants. | No. 2:16-cv-0219 AC P<br><br><br>ORDER |

Plaintiff, a former state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff has consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a). ECF No. 8.

I.　　Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 11. Accordingly, the request to proceed in forma pauperis will be granted.

II.　　Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners[1] seeking relief against a

---

[1] Although he has since been released (ECF No. 9), because plaintiff was incarcerated at the time he filed his complaint (ECF No. 1 at 1), he is still subject to the screening requirements of 28 U.S.C. § 1915A(a). Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1284 (9th Cir. 2017).

governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp., 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Bell Atl. Corp., 550 U.S. at 556). In reviewing a complaint

under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

### III. Complaint

The complaint alleges that defendants Fox, Collins, Bick, Ditomas, Saukhla, Jensen, Sanders, Omar, and Lewis denied plaintiff necessary medical care in violation of his Eighth Amendment rights. ECF No. 1 at 2-3. Plaintiff suffers from and has a family history of cardiovascular disease and has two stents in his chest. Id. at 3. Plaintiff alleges that during his confinement he suffered from chest pains and went "man down" due to chest pains on a number of occasions. Id. at 3-4. In response, defendants failed to provide medication to control or treat his chest pains, failed to provide appropriate diagnostic testing, and failed to provide proper treatment, including sending him to a specialist, despite the fact that he kept experiencing chest pains. Id.

### IV. Deliberate Indifference

#### A. Legal Standard

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Id. (some internal quotation marks omitted) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).

Deliberate indifference is established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d

at 1096 (citation omitted). Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 836-37 & n.5 (1994) (citations omitted).

A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Toguchi, 391 F.3d at 1058. Additionally, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106.

B.  Failure to State a Claim

Plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Although plaintiff identifies Fox, Collins, Bick, Ditomas, Jensen, and Lewis as defendants, he has not alleged any facts showing what these defendants did or did not do. Plaintiff's general allegations that these defendants failed to provide necessary medical care in violation of his Eighth Amendment rights, without identifying any specific actions by these defendants, does not specify with the required detail how each of them was deliberately indifferent to his medical needs. However, because plaintiff may be able to allege additional facts that would demonstrate that defendants were deliberately indifferent to his medical needs, he will be given the option to amend the complaint.

4

C. <u>Claims for Which a Response Will Be Required</u>

Plaintiff claims that he suffers from and has a family history of cardiovascular disease, has two stents in his chest, experienced acute chest pains, and went "man down" on a number of occasions due to chest pains. ECF No. 1 at 3-4. He further alleges that defendants Saukhla, Omar, and Sanders saw him in response to his chest pains and "man down" incidents, but failed to offer proper treatment for his chest pains or take steps to prevent future episodes. <u>Id.</u> The facts indicate that despite plaintiff's ongoing chest pains, cardiovascular disease, family history of cardiovascular disease, and the presence of two stents in his chest, defendants Saukhla, Omar, and Sanders did not provide medication that would control or treat plaintiff's chest pain, failed to provide appropriate diagnostic testing, and failed to provide proper medical treatment to reduce or alleviate plaintiff's chest pains or prevent future episodes. <u>Id.</u> In addition, defendant Saukhla denied plaintiff access to a specialist. <u>Id.</u> at 4. Although his claims may ultimately amount to a difference of opinion as to proper treatment, at the pleading stage plaintiff has pled sufficient facts to state a claim against defendants Saukhla, Omar, and Sanders for deliberate indifference to his serious medical need.

V. <u>Leave to Amend</u>

For the reasons set forth above, the court finds that the complaint does not state cognizable claims against defendants Fox, Collins, Bick, Ditomas, Jensen, and Lewis. However, it appears that plaintiff may be able to allege facts to remedy this and he will be given the opportunity to amend the complaint if he desires.

Plaintiff may (1) proceed forthwith to serve defendants Saukhla, Omar, and Sanders on his claim that they failed to provide necessary medical care in violation of his Eighth Amendment rights, or (2) he may delay serving any defendant and amend the complaint to attempt to state cognizable claims against defendants Fox, Collins, Bick, Ditomas, Jensen, and Lewis.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint. If plaintiff elects to proceed on his claims against defendants Saukhla, Omar, and Sanders without amending the complaint, the court will send him the

necessary forms for service of the complaint and the claims against defendants Fox, Collins, Bick, Ditomas, Jensen, and Lewis will remain dismissed without prejudice.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo, 423 U.S. at 370-71. Also, the complaint must allege in specific terms how each named defendant is involved. Arnold, 637 F.2d at 1355. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson, 588 F.2d at 743. Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey, 673 F.2d at 268 (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 929 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI.   Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

Some of your allegations in the complaint state claims against the defendants and some do not. Your allegations of medical indifference against defendants Saukhla, Omar, and Sanders state a claim and require a response.

Your allegations against defendants Fox, Collins, Bick, Ditomas, Jensen, and Lewis do not state a claim and will be dismissed with leave to amend. In order to state a claim of medical

6

indifference against defendants Fox, Collins, Bick, Ditomas, Jensen, and Lewis, you must provide more information about what each defendant did and how it violated your rights. Specifically, you must state facts that show that each listed defendant knew about your serious medical needs and ignored the risk.

If you want, you can either (1) proceed immediately on your claims against defendants Saukhla, Omar, and Sanders or (2) try to amend the complaint to state claims against defendants Fox, Collins, Bick, Ditomas, Jensen, and Lewis. If you want to go forward without amending the complaint, your claims against defendants Fox, Collins, Bick, Ditomas, Jensen, and Lewis will remain dismissed without prejudice. If you choose to amend your complaint, the amended complaint must include all of the claims you want to make, including the ones that have already been found to state a claim, because the court will not look at the claims or information in the original complaint. **Any claims not in the amended complaint will not be considered.** You must complete the attached notification showing what you want to do and return it to the court. Once the court receives the notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint or complete and return service paperwork).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 11) is granted.

2. Plaintiff's claims against defendants Fox, Collins, Bick, Ditomas, Jensen, and Lewis are dismissed with leave to amend.

3. Plaintiff has the option to proceed immediately on his medical indifference claims against defendants Saukhla, Omar, and Sanders as set forth in Section IV.C above, or to amend the complaint.

4. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a first amended complaint.

DATED: June 12, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

|   |   |
|---|---|
| UNITED STATES DISTRICT COURT | |
| FOR THE EASTERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| FRED WILSON,<br><br>        Plaintiff,<br><br>   v.<br><br>ROBERT FOX, et. al.,<br><br>        Defendants. | No. 2:16-cv-0219 AC P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his Eighth Amendment claims against defendants Saukhla, Omar, and Sanders without amending the complaint. Plaintiff understands that going forward without amending the complaint means that his claims against defendants Fox, Collins, Bick, Ditomas, Jensen, and Lewis will remain dismissed without prejudice.

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

                                                         Fred Wilson
                                                       Plaintiff pro se