UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED WILSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ROBERT FOX, et al.,<br><br>　　　　Defendants. | No. 2:16-cv-0219 JAM AC P<br><br>ORDER |

Plaintiff, a former state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983, has filed a first amended complaint. Rule 15 of the Federal Rules of Civil Procedure provides that "[a] party may amend its pleading once as a matter of course within . . . 21 days after service of a responsive pleading." Fed. R. Civ. P. 15(a)(1)(B). Defendants served their answer on October 23, 2017. ECF No. 21. The first amended complaint filed on November 13, 2017, was therefore permissible under Rule 15.

I.     <u>First Amended Complaint</u>

Although plaintiff is not currently incarcerated, he is proceeding in forma pauperis (ECF No. 12 at 7) and the amended complaint is therefore subject to screening under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B), the court must dismiss a complaint or portion thereof if the plaintiff has raised claims that are "frivolous or malicious," fail to state a claim upon which

////

1

relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.

Upon screening the original complaint, the court found that plaintiff had stated claims for deliberate indifference against defendants Saukhla, Osman,[1] and Sanders. ECF No. 12 at 5. His deliberate indifference claims against defendants Fox, Collins, Bick, Ditomas, Jenden,[2] and Lewis were dismissed with leave to amend. Id. at 4. Plaintiff was given the option to proceed on his cognizable claims or to try and amend the complaint. Id. at 5-6. He chose to proceed on the screened original complaint. ECF No. 13. Plaintiff has now filed a first amended complaint as permitted by Rule 15. ECF No. 25.

In the first amended complaint, plaintiff names the same defendants as in his original complaint, with the exception of Lewis, who has not been identified as a defendant in the amended complaint. ECF No. 25 at 1-2. In addition to his original Eighth Amendment claims, plaintiff also asserts claims under 42 U.S.C. §§ 1985 and 1986. Id. at 3-9.

    A.    <u>Claims for Which a Response Will Be Required</u>

Plaintiff's Eighth Amendment claims against Saukhla, Osman, and Sanders are nearly identical to the claims in the original complaint and are therefore cognizable as set forth in the original screening order (ECF No. 12 at 5). Defendants Saukhla, Osman and Sanders will therefore be required to respond to these claims.

    B.    <u>Failure to State a Claim</u>

For the reasons set forth below, plaintiff's § 1985 and § 1986 claims against Saukhla, Osman and Sanders, as well as all of his claims against Fox, Collins, Bick, Ditomas and Jenden, fail to state claims for relief.

////

////

---

[1] Defendant Osman was erroneously identified as "Omar" in the original complaint.

[2] In the original complaint, plaintiff identified this defendant as "Jensen" in the caption and "Jenden" in the list of defendants (ECF No. 1 at 1-2) and the original screening order refers to this defendant as "Jensen" (ECF No. 12). However, the amended complaint identifies this defendant solely as "Jenden."

i. Deliberate Indifference

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Id. (some internal quotation marks omitted) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).

Deliberate indifference is established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citation omitted). Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 836-37 & n.5 (1994) (citations omitted).

A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Toguchi, 391 F.3d at 1058. Additionally, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106.

In screening the original complaint, the court advised that

> [p]laintiff must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355

3

> (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Id.</u>; <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

ECF No. 12 at 4. As with the original complaint, although plaintiff has identified defendants Fox, Collins, Bick, Ditomas and Jenden as defendants, he has not alleged any facts showing what these defendants did or did not do that violated his rights under the Eighth Amendment. ECF No. 25 at 3-6. The first amended complaint does not allege any actions by Bick, Ditomas or Jenden, and his general assertion that Fox and Collins allowed doctors to give substandard care is too vague and conclusory to demonstrate the necessary personal involvement in the violation of his rights. <u>Id.</u> Conclusory allegations that "defendants" violated his rights are insufficient to state claims for relief. Plaintiff's Eighth Amendment claims against defendants Fox, Collins, Bick, Ditomas and Jenden will therefore be dismissed. Plaintiff shall be given one final opportunity to amend and is advised that continued failure to allege specific conduct by these defendants will result in a recommendation that the claims be dismissed without leave to amend.

    ii. <u>§ 1985 Conspiracy</u>

> To state a cause of action under § 1985(3), a complaint must allege (1) a conspiracy, (2) to deprive any person or a class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States.

<u>Gillespie v. Civiletti</u>, 629 F.2d 637, 641 (9th Cir. 1980) (citing <u>Griffin v. Breckenridge</u>, 403 U.S. 88, 102-03 (1971)). "[T]here must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." <u>Griffin</u>, 403 U.S. at 102. To state a claim under § 1985(3) for a non-race-based class, the Ninth Circuit requires "'either that the courts have designated the class in question a suspect or quasi-suspect classification requiring more exacting scrutiny or that Congress has indicated through legislation that the class required special protection.'" <u>Sever v. Alaska Pulp Corp.</u>, 978 F.2d 1529, 1536 (9th Cir. 1992) (quoting <u>Schultz v. Sundberg</u>, 759 F.2d 714, 718 (9th Cir. 1985)). "[T]he absence of a section 1983

deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations." Caldeira v. County of Kauai, 866 F.2d 1175, 1182 (9th Cir. 1989) (citing Cassettari v. Nevada County, 824 F.2d 735, 739 (9th Cir. 1987)).

The Ninth Circuit requires a plaintiff alleging a conspiracy to violate civil rights to "state specific facts to support the existence of the claimed conspiracy." Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 929 (9th Cir. 2004) (citation and internal quotation marks omitted); Caldeira, 866 F.2d at 1181 ("the plaintiff must show an agreement or 'meeting of the minds' by the defendants to violate his constitutional rights"). The mere statement that defendants "conspired" is not sufficient to state a claim, as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Plaintiff's allegations of a conspiracy fail to state a claim upon which relief may be granted because his claims are vague and conclusory. There are no facts that demonstrate an agreement between any of the defendants; mere joint employment by the California Department of Corrections and Rehabilitation is insufficient to establish the common objective required for a conspiracy. Furthermore, although plaintiff states that he is African-American, there are no facts that demonstrate a race-based, discriminatory motive behind defendants' actions, particularly since he appears to allege that inmates in general were provided deficient medical care "in hopes that inmates at the California Medical Facility would simply die off!" ECF No. 25 at 5. While prisoners can be members of a protected class by virtue of their race, religion, or other recognized protected status, the fact that plaintiff is a prisoner does not itself qualify him as a member of a protected class. See Webber v. Crabtree, 158 F.3d 460, 461 (9th Cir. 1998); see also Pryor v. Brennan, 914 F.2d 921, 923 (7th Cir. 1990) ("Prisoners do not constitute a suspect class."); Moss v. Clark, 886 F.2d 686, 690 (4th Cir. 1989) ("The status of incarceration is neither an immutable characteristic, nor an invidious basis of classification." (internal citations omitted)).

For these reasons, the conspiracy claim will be dismissed with leave to amend. If plaintiff chooses to amend this claim he will need to allege specific facts showing that a conspiracy existed and that the conspiracy was motivated by plaintiff's membership in a protected class. For

5

example, if he knows of communications between or statements made by defendants regarding the alleged conspiracy or has other reasons to believe there was a conspiracy, he should include that information in the amended complaint. Simply stating that defendants conspired to violate his rights and that there was an agreement or understanding between defendants, without more, will be insufficient to support a claim of conspiracy and will result in a recommendation that the claim be dismissed without leave to amend.

    iii. <u>§ 1986 Neglect to Prevent</u>

"Section 1986 authorizes a remedy against state actors who have negligently failed to prevent a conspiracy that would be actionable under § 1985." <u>Cerrato v. San Francisco Cmty. Coll. Dist.</u>, 26 F.3d 968, 971 n.7 (9th Cir. 1994); <u>Karim-Panahi v. Los Angeles Police Dep't</u>, 839 F.2d 621, 626 (9th Cir. 1988). "A claim can be stated under section 1986 only if the complaint contains a valid claim under section 1985." <u>Id.</u> at 626 (citing <u>Trerice v. Pedersen</u>, 769 F.2d 1398, 1403 (9th Cir. 1985)). Because plaintiff has not stated a cognizable claim under § 1985, he has not stated a claim under § 1986 and these claims must be dismissed with leave to amend.

  C. <u>Leave to Amend</u>

For the reasons set forth above, the court finds that the complaint does not state cognizable claims against defendants Fox, Collins, Bick, Ditomas and Jenden. The complaint also fails to state §§ 1985 and 1986 claims against defendants Saukhla, Osman and Sanders. However, it appears that plaintiff may be able to allege facts to remedy this and he will be given an opportunity to amend the complaint if he desires. Since plaintiff was previously given an opportunity to amend the complaint and warned that conclusory allegations were not sufficient to state claims for relief, if he amends the complaint and once again provides only vague and conclusory allegations, the undersigned will recommend dismissal of those claims without further leave to amend.

Plaintiff may proceed forthwith to serve defendants Saukhla, Osman and Sanders on his claim that they failed to provide necessary medical care in violation of his Eighth Amendment rights or he may delay serving any defendant and amend the complaint to attempt to state

6

cognizable claims against defendants Fox, Collins, Bick, Ditomas and Jenden and against Saukhla, Osman and Sanders for violating §§ 1985 and 1986.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint. If plaintiff elects to proceed on his claims against defendants Saukhla, Osman and Sanders without amending the complaint, those defendants will be directed to respond to the amended complaint. A decision to go forward without amending the complaint will be considered a voluntarily dismissal of all of the claims against defendants Fox, Collins, Bick, Ditomas and Jenden and of the § 1985 and § 1986 claims against Saukhla, Osman and Sanders.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo, 423 U.S. at 370-71. Also, the complaint must allege in specific terms how each named defendant is involved. Arnold, 637 F.2d at 1355. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson, 588 F.2d at 743. Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey, 673 F.2d at 268 (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 929 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files an amended complaint, the original and any previous amended complaints no longer serve any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

7

II.     Plain Language Summary of this Order for a Pro Se Litigant

Some of your allegations in the amended complaint state claims against the defendants and some do not. Your allegations of deliberate indifference against defendants Saukhla, Osman and Sanders state a claim and require a response.

All of your allegations against defendants Fox, Collins, Bick, Ditomas and Jenden, and your § 1985 and § 1986 claims against Saukhla, Osman and Sanders, do not state cognizable claims and will be dismissed with leave to amend. In order to state a claim of deliberate indifference against defendants Fox, Collins, Bick, Ditomas and Jenden, you must provide more information about what each defendant did and how it violated your rights. Specifically, you must state facts that show that each listed defendant knew about your serious medical needs and ignored the risk. To state claims for conspiracy under § 1985, you must allege facts that show that the defendants were working together to deprive you of your rights; you cannot just say that they conspired against you. Also, this claim can proceed only if the facts show that you were conspired against because of your race or membership in another protected group. In order to state a claim under § 1986 for failure to stop the conspiracy, you must first provide facts that show there was a conspiracy and then include facts that show defendants failed to stop the conspiracy.

At this point, you can either (1) proceed immediately on your deliberate indifference claims against defendants Saukhla, Osman and Sanders, and withdraw the other claims, or (2) try to amend the complaint to fix your claims against defendants Fox, Collins, Bick, Ditomas and Jenden and your § 1985 and § 1986 claims against Saukhla, Osman and Sanders. If you want to go forward without amending the complaint, you will be voluntarily dismissing all of your claims against defendants Fox, Collins, Bick, Ditomas and Jenden and your § 1985 and § 1986 claims against defendants Saukhla, Osman and Sanders, without prejudice. If you choose to amend your complaint, the amended complaint must include all of the claims you want to make, including the ones that have already been found to state a claim, because the court will not look at the claims or information in the original or first amended complaints. **Any claims not in the amended complaint will not be considered.** You must complete the attached notification showing what

you want to do and return it to the court. Once the court receives the notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint or wait for defendants to respond to the amended complaint).

In accordance with the above, IT IS HEREBY ORDERED that:

1. All of plaintiff's claims against defendants Fox, Collins, Bick, Ditomas and Jenden and his § 1985 and § 1986 claims against defendants Saukhla, Osman and Sanders are dismissed with leave to amend.

2. Plaintiff has the option to proceed immediately on his deliberate indifference claims against defendants Saukhla, Osman and Sanders as set forth in Section I.A above, or to amend the complaint.

3. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened first amended complaint or whether he wants to file a second amended complaint.

4. The deadlines set forth in the October 25, 2017 discovery and scheduling order are vacated and discovery is stayed pending issuance of a new discovery and scheduling order.

DATED: November 17, 2017.

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

9

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED WILSON,<br><br>    Plaintiff,<br><br>  v.<br><br>ROBERT FOX, et. al.,<br><br>    Defendants. | No.  2:16-cv-0219 AC JAM P<br><br>PLAINTIFF'S NOTICE ON <u>HOW TO PROCEED</u> |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his Eighth Amendment claims against defendants Saukhla, Osman and Sanders without amending the complaint.  Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing all of the claims against defendants Fox, Collins, Bick, Ditomas and Jenden and the § 1985 and § 1986 claims against Saukhla, Osman and Sanders without prejudice.

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

                                                                Fred Wilson
                                                                Plaintiff pro se