UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRED WILSON,

    Plaintiff,

  v.

ROBERT FOX, et al.,

    Defendants.

No. 2:16-cv-0219 JAM AC P

ORDER AND FINDINGS AND RECOMMENDATIONS

Plaintiff, a former state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983, has filed a second amended complaint. ECF No. 29.

I. Procedural History

By order filed June 13, 2017, the court screened the original complaint and found that plaintiff had stated claims for deliberate indifference against defendants Saukhla, Osman,[1] and Sanders. ECF No. 12 at 5. His deliberate indifference claims against defendants Fox, Collins, Bick, Ditomas, Jenden,[2] and Lewis were dismissed with leave to amend. Id. at 4. Plaintiff was given the option to proceed on his cognizable claims or to try and amend the complaint. Id. at 5-

---

[1] Defendant Osman was erroneously identified as "Omar" in the original complaint.
[2] In the original complaint, plaintiff identified this defendant as "Jensen" in the caption and "Jenden" in the list of defendants (ECF No. 1 at 1-2) and the original screening order refers to this defendant as "Jensen" (ECF No. 12). However, the amended complaint identifies this defendant solely as "Jenden."

1

6. He chose to proceed on the screened original complaint. ECF No. 13. After defendants Saukhla, Osman, and Sanders filed their answer, plaintiff filed a first amended complaint as a matter of course as permitted by Federal Rule of Civil Procedure 15. ECF No. 25. The court screened the first amended complaint and found that once again plaintiff had stated claims for deliberate indifference against Saukhla, Osman, and Sanders, but that all of his claims against Fox, Collins, Bick, Ditomas, and Jenden and his § 1985 and § 1986 claims against defendants Saukhla, Osman, and Sanders failed to state a claim for relief. ECF No. 26. Plaintiff was advised of the deficiencies in the claims that were being dismissed and given the option to proceed on his cognizable claims or to amend the complaint. Id. at 9. Plaintiff opted to amend the complaint (ECF No. 27) and has now filed his second amended complaint (ECF No. 29).

II.     Second Amended Complaint

Plaintiff has submitted a second amended complaint. ECF No. 29. However, he has failed to sign the complaint, in violation of Federal Rule of Civil Procedure 11(a). Id. at 10. The court has reviewed the second amended complaint and found that with the exception of minor changes to paragraphs 28 and 35, it is identical to the first amended complaint. Compare ECF No. 29 with ECF No. 25. The court finds that the additional, conclusory statements that Fox and Collins were allowing prisoners to "die off" in hopes of easing prison overcrowding (ECF No. 29 at 5, ¶ 28) and that the denial of medical care was racially motivated (id. at 7, ¶ 35) fail to remedy the deficiencies identified in the amended complaint. Furthermore, in light of the guidance plaintiff has received regarding the elements of each cause of action and the advisement that conclusory statements unsupported by any factual allegations were insufficient to support a claim (ECF Nos. 12, 26), the court finds that allowing plaintiff to amend the complaint a third time would be futile. Accordingly, the second amended complaint will be stricken as deficient and the case will proceed on the First Amended Complaint.

III.    First Amended Complaint

Although plaintiff is not currently incarcerated, he is proceeding in forma pauperis (ECF No. 12 at 7) and the amended complaint is therefore subject to screening under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B), the court must dismiss a complaint or portion thereof if

the plaintiff has raised claims that are "frivolous or malicious," fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.

In the first amended complaint, plaintiff names the same defendants as in his original complaint, with the exception of Lewis, who has not been identified as a defendant in the amended complaint. ECF No. 25 at 1-2. In addition to his original Eighth Amendment claims, plaintiff also asserts claims under 42 U.S.C. §§ 1985 and 1986. Id. at 3-9.

### A. Claims for Which a Response Will Be Required

Plaintiff's Eighth Amendment claims against Saukhla, Osman, and Sanders are nearly identical to the claims in the original complaint and are therefore cognizable as set forth in the original screening order (ECF No. 12 at 5). Defendants Saukhla, Osman, and Sanders will therefore be required to respond to these claims.

### B. Failure to State a Claim

For the reasons set forth below, plaintiff's § 1985 and § 1986 claims against Saukhla, Osman, and Sanders, as well as all of his claims against Fox, Collins, Bick, Ditomas, and Jenden, fail to state claims for relief.

#### i. Deliberate Indifference

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Id. (some internal quotation marks omitted) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).

Deliberate indifference is established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a

3

prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citation omitted). Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 836-37 & n.5 (1994) (citations omitted).

A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Toguchi, 391 F.3d at 1058. Additionally, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106.

In screening the original complaint, the court advised that

> [p]laintiff must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

ECF No. 12 at 4. As with in the original complaint, although plaintiff has identified defendants Fox, Collins, Bick, Ditomas, and Jenden as defendants, he has not alleged any facts showing what these defendants did or did not do that violated his rights under the Eighth Amendment. ECF No. 25 at 3-6. The first amended complaint does not allege any actions by Bick, Ditomas, or Jenden, and his general assertion that Fox and Collins allowed doctors to give substandard care is too vague and conclusory to demonstrate the necessary personal involvement in the violation of his rights. Id. Conclusory allegations that "defendants" violated his rights are insufficient to state claims for relief.

4

When the court originally screened the first amended complaint and dismissed these defendants with leave to amend, plaintiff was advised that he was being given one final opportunity to amend that that "continued failure to allege specific conduct by these defendants will result in a recommendation that the claims be dismissed without leave to amend." ECF No. 26 at 4. The additional allegation in the second amended complaint that Fox and Collins allowed substandard care in an attempt to reduce overcrowding does not change the court's previous analysis and demonstrates that further leave to amend would be futile. The undersigned will therefore recommend that the Eighth Amendment claims against defendants Fox, Collins, Bick, Ditomas, and Jenden be dismissed without leave to amend.

          ii.      <u>§ 1985 Conspiracy</u>

> To state a cause of action under § 1985(3), a complaint must allege (1) a conspiracy, (2) to deprive any person or a class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States.

<u>Gillespie v. Civiletti</u>, 629 F.2d 637, 641 (9th Cir. 1980) (citing <u>Griffin v. Breckenridge</u>, 403 U.S. 88, 102-03 (1971)). "[T]here must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." <u>Griffin</u>, 403 U.S. at 102. To state a claim under § 1985(3) for a non-race-based class, the Ninth Circuit requires "'either that the courts have designated the class in question a suspect or quasi-suspect classification requiring more exacting scrutiny or that Congress has indicated through legislation that the class required special protection.'" <u>Sever v. Alaska Pulp Corp.</u>, 978 F.2d 1529, 1536 (9th Cir. 1992) (quoting <u>Schultz v. Sundberg</u>, 759 F.2d 714, 718 (9th Cir. 1985)). "[T]he absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations." <u>Caldeira v. County of Kauai</u>, 866 F.2d 1175, 1182 (9th Cir. 1989) (citing <u>Cassettari v. Nevada County</u>, 824 F.2d 735, 739 (9th Cir. 1987)).

The Ninth Circuit requires a plaintiff alleging a conspiracy to violate civil rights to "state specific facts to support the existence of the claimed conspiracy." <u>Olsen v. Idaho State Bd. of Med.</u>, 363 F.3d 916, 929 (9th Cir. 2004) (citation and internal quotation marks omitted); <u>Caldeira</u>,

866 F.2d at 1181 ("the plaintiff must show an agreement or 'meeting of the minds' by the defendants to violate his constitutional rights"). The mere statement that defendants "conspired" is not sufficient to state a claim, as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Plaintiff's allegations of a conspiracy fail to state a claim upon which relief may be granted because his claims are vague and conclusory. There are no facts that demonstrate an agreement between any of the defendants; mere joint employment by the California Department of Corrections and Rehabilitation is insufficient to establish the common objective required for a conspiracy. Furthermore, although plaintiff states that he is African-American, there are no facts to support the presence of a race-based, discriminatory motive behind defendants' actions, particularly since he appears to allege that inmates in general were provided deficient medical care "in hopes that inmates at the California Medical Facility would simply die off!" ECF No. 25 at 5. While prisoners can be members of a protected class by virtue of their race, religion, or other recognized protected status, the fact that plaintiff is a prisoner does not itself qualify him as a member of a protected class. See Webber v. Crabtree, 158 F.3d 460, 461 (9th Cir. 1998); see also Pryor v. Brennan, 914 F.2d 921, 923 (7th Cir. 1990) ("Prisoners do not constitute a suspect class."); Moss v. Clark, 886 F.2d 686, 690 (4th Cir. 1989) ("The status of incarceration is neither an immutable characteristic, nor an invidious basis of classification." (internal citations omitted)).

Plaintiff was previously advised that conclusory allegations of a conspiracy would not be sufficient to state a claim and that a failure to provide factual allegations would result in a recommendation that the claim be dismissed without leave to amend. ECF No. 26 at 5-6. Plaintiff's attempt in the second amended complaint to fix these deficiencies by adding that defendants hoped inmates would "die off" to reduce overcrowding (ECF No. 29 at 5, ¶ 28) fails to demonstrate a race-based motive. Furthermore, though the second amended complaint alleges that "[t]he conduct in depriving Plaintiff of the proper medical care was racially motivated against African-Americans at the California Medical Facility" (id. at 7, ¶ 35), this allegation is unsupported by any factual allegations and therefore too conclusory to support a claim for relief.

Plaintiff's failure to provide additional factual allegations, despite clear instruction on the need to do so, convinces the undersigned that further leave to amend would be futile and it will be recommended that the conspiracy claims be dismissed without leave to amend.

        iii.    § 1986 Neglect to Prevent

"Section 1986 authorizes a remedy against state actors who have negligently failed to prevent a conspiracy that would be actionable under § 1985." Cerrato v. San Francisco Cmty. Coll. Dist., 26 F.3d 968, 971 n.7 (9th Cir. 1994); Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 626 (9th Cir. 1988). "A claim can be stated under section 1986 only if the complaint contains a valid claim under section 1985." Id. at 626 (citing Trerice v. Pedersen, 769 F.2d 1398, 1403 (9th Cir. 1985)). Because plaintiff has not stated a cognizable claim under § 1985, he has not stated a claim under § 1986 and it will be recommended that these claims be dismissed without leave to amend.

    C.    No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987))). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06.

The undersigned finds that, as set forth above, all of the claims against defendants Fox, Collins, Bick, Ditomas, and Jenden and the § 1985 and § 1986 claims against defendants Saukhla, Osman, and Sanders fail to state a claim for relief and that amendment would be futile. These claims should therefore be dismissed without leave to amend.

    IV.    Plain Language Summary of this Order for a Pro Se Litigant

Some of your allegations in the amended complaint state claims against the defendants and some do not. Your allegations of deliberate indifference against defendants Saukhla, Osman,

7

and Sanders state a claim and require a response.

All of your allegations against defendants Fox, Collins, Bick, Ditomas, and Jenden and your § 1985 and § 1986 claims against Saukhla, Osman, and Sanders do not state cognizable claims and will be dismissed without leave to amend because it does not appear that you can allege additional facts to state a claim.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to strike the second amended complaint (ECF No. 29) from the record.

2. Defendants Saukhla, Osman, and Sanders will be required to respond to the first amended complaint (ECF No. 25) as set forth above in Section III.A. Their response shall be due within twenty-one days after the United States District Judge assigned to the case rules on the findings and recommendations.

It is further RECOMMENDED that all of plaintiff's claims against defendants Fox, Collins, Bick, Ditomas, and Jenden and his § 1985 and § 1986 claims against defendants Saukhla, Osman, and Sanders be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 10, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE